IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                    Case No. 11-10161-02-JTM

Marcus D. Bishop,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the 28 U.S.C. § 2255 Petition of Marcus Bishop, who has pled guilty to the crime of bank robbery in violation of 18 U.S.C. § 2113(a), and was sentenced to 84 months imprisonment. (Dkt. 135). Bishop plead guilty on March 15, 2012, under a Plea Agreement (Dkt. 101), and did not appeal his conviction or sentence. The United States has filed a Response to the Petition and a Motion to Enforce the Plea Agreement. Bishop has filed no response to the government's motion.

Bishop advances only one argument in his Petition, that "[t]he United States Supreme Court changed in law, have led to a defect in convictions under the Descamps ruling June 20, 2012." (Dkt. 138, at 4). In *Descamps v United States*, 133 S.Ct. 2376 (2013), the Supreme Court clarified how lower courts determine whether a defendant has been previously convicted of a violent felony, for purposes of the Armed Career Criminal Act.

The court finds that Bishop's Petition should be denied for three reasons. First, the Petition was filed more than a year after Judgment became final on July 20, 2013, and is thus time-barred under 28 U.S.C. § 2255(f). Section 2255 provides for an exception to the one-year statute of limitations where the Supreme Court announces a new rule of law which has been made retroactive. *Descamps* has not been made retroactive by the Supreme Court. *Groves v. United States*, 2014 WL 2766171 (7th Cir. 2014). Other courts have consistently rejected § 2255 claims, based on the untimeliness, given this lack of retroactivity. *See, e.g., United States v. Koontz*, 2014 U.S. Dist. LEXIS 81652, at *2 (N.D. Iowa June 16, 2014) (collecting cases).

Second, even if the § 2255 claim was timely, *Descamps* does not support a different conclusion. In *Descamps*, the Court held that the defendant should not have received fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based upon a prior California burglary conviction. The ACCA enhanced sentence applies if the defendant has three prior convictions for "violent felonies," and the decision turned in part on the unusually broad definition of burglary under California law. 133 S.Ct. at 2282.

Bishop, however, was sentenced as a career offender under United States Sentencing Guidelines § 4B1.1, which applies when a defendant has had at least two prior convictions for drug trafficking or crimes of violence. Under the Guidelines enhancement, a crime of violence is defined as a crime, punishable by more than a year of imprisonment, which involved the "physical use of force" or the "burglary of a dwelling." Bishop was previously

2

convicted of burglary in violation of K.S.A. 21-3715(a) (now K.S.A. 21-5807(a)), and sentenced to a 15 month term of imprisonment. This subsection of the Kansas burglary statute specifically applies to the unlawful entry into any "[b]uilding, manufactured home, mobile home, tent or other structure which is a dwelling." Bishop makes no argument that the burglary was not of a dwelling. Accordingly, the § 4B1.1 enhancement was correctly applied. *See United States v. Martin*, 59 F3d.Appx. 255, 256-57 (10th Cir. 2003).

Third, even if the matter was not-time barred, Bishop waived any challenge to his sentence under the Plea Agreement, which explicitly provided that "[t]he defendant waives any right to challenge a sentence or otherwise attempt to modify or change his sentence." Bishop acknowledged during the court's plea colloquy that his plea was free and voluntary, and the court determined that the defendant understood all of the rights he was relinquishing.

In *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001), the Tenth Circuit held identified four circumstances where a plea waiver would not be enforced,

> including [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

In *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004), the court held that enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated in *Elliott*, and that "to satisfy the fourth *Elliott* factor—where the waiver is otherwise unlawful—'the error [must]

seriously affect[] the fairness, integrity or public reputation of judicial proceedings[,]' as that test was employed in *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)."

Bishop's motion does not assert ineffective assistance of counsel or prosecutorial misconduct; he simply argues that his criminal history was incorrectly determined in light of a subsequent Supreme Court decision. None of the relevant *Elliot* factors is present. Even assuming the present § 2255 Petition was timely, the present claim falls within the sort of collateral attack which Bishop knowingly and voluntarily waived. Enforcement of the Plea Agreement and the 84-month sentence imposed (which reflects a substantial downward departure from the Sentencing Guidelines range of 151 to 188 months) does not reflect any miscarriage of justice.

IT IS ACCORDINGLY ORDERED this 6th day of November, 2014, that the defendant's Motion to Vacate (Dkt. 138) is hereby denied; the government's Motion to Enforce Plea Agreement (Dkt. 139) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE